UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **IONJI, LLC d/b/a IONJI CONSULTING,** | : | Case No. 1:20-cv-2437 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **MEMORANDUM IN OPPOSITION TO** |
| **HODA HANNA et al.** | : | **PLAINTIFF'S MOTION FOR** |
| | : | **PRELIMINARY INJUNCTION** |
| Defendants. | : | |

This Court should summarily deny Plaintiff Ionji's Motion for a Preliminary Injunction against Defendants Hanna and Catalyst, and decline Ionji's request to set this Motion for hearing or expedited discovery.

As a preliminary matter, Ionji's Verified Complaint fails to set forth any facts establishing that diversity jurisdiction exists—specifically, that the amounts in controversy between (a) Ionji and Hanna, and (b) Ionji and Catalyst, each exceed the sum or value of $75,000.00.[1] Defendants dispute that such amounts are in controversy, and intend to file a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on this basis. Given this jurisdictional question, the Court should not schedule any proceedings regarding this request for injunctive relief until it can render a decision as to whether jurisdiction exists.

Second, Ionji's injunction request is blatantly untimely, having arisen over one year ago. Indeed, Ionji's Verified Complaint makes clear that despite becoming aware of Hanna and

---

[1] Ionji must establish the amount in controversy as to each Defendant in order for this Court to retain jurisdiction over each. *See Middle Tenn. News Co. v. Charnel of Cincinnati,* 250 F.3d 1077, 1081 (7th Cir. 2001)(emphasis added)("In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; *however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant.*")

1

Catalyst's purported actions in September 2019, Ionji made no attempt to enjoin them until now, one year after the purported violations occurred. Such a lack of diligence in seeking injunctive relief, without excuse, flies in the face of any assertion that irreparable harm will occur to Ionji, and that no adequate remedy at law exists.

Finally, Ionji's claims, particularly those concerning Catalyst, are already pending before an arbitrator in Zionsville, Indiana, and have been for over 9 months. The parties have exchanged discovery, intend to take depositions, and will be proceeding forward with cross-motions for summary judgment by January of next year. There is simply no reason for this Court to wade into the very same contractual issues in this case, when an arbitrator will be deciding such issues at the same relative time. Wise judicial administration warrants that this Court refrain from deciding such issues until the arbitration proceedings have concluded.

A preliminary injunction is an extraordinary remedy which is not available unless a plaintiff carries its burden of persuasion as to all of the prerequisites, namely: (1) a reasonable likelihood of success on the merits; (2) irreparable injury and absence of an adequate remedy at law; (3) that the threatened harm to the plaintiff outweighs the harm the injunction may cause the defendants; and (4) that the granting of the injunction will not disserve the public interest. *Shaffer v. Globe Protection, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983). Here, Ionji has entirely failed to carry such burden, and as such its motion should be denied without hearing.

**I.      Ionji has not established that diversity jurisdiction exists.**

Where a defendant disputes the plaintiff's allegations of the amount in controversy, the plaintiff must establish jurisdictional facts by a preponderance of the evidence. *McMillan v. Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 844 (7th Cir. 2009) *Superseded by statute on other grounds; See also Dart Charokee Basin Operating Co., LLC v.* Ownes, 135 S. Ct. 547,

553, 190 L. Ed.2d 495 (2014). "To satisfy the preponderance of the evidence burden, a party must do more than point to the theoretical availability of certain categories of damages." *Am. Premier Underwriters, Inc. v. Estate of* Chizum, No. 3:14-CV-351-JD, 2015 U.S. Dist. LEXIS 76076, at *9 (N.D. Ind. June 11, 2015) citing *McMillan,* 567 F.3d at 844. Rather, this requires that the Plaintiff provide "competent proof" that the amount in controversy exceeds $75,000.00. *Id. citing McNutt v. General Motors Acceptance Corp.* 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936).

Here, Ionji has set forth no facts establishing that the amount in controversy as to each Defendant exceeds $75,000.00. *See* 28 U.S.C. §1331(a). In fact, Ionji's only reference to such amounts in the Verified Complaint is a conclusory statement that "…the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs." (*See* Complaint, Doc#1, ¶ 4). Given that Defendants dispute such jurisdiction and intend to file a motion to dismiss regarding the same, Ionji must do more than simply cite a conclusion for the Court. And for purposes of this Motion, the Court should not hold any hearing on a request for injunctive relief until Ionji provides competent proof of the amount in controversy, and the Court is satisfied that jurisdiction exists.

    **II.    Despite being aware of the purported conduct of Hanna and Catalyst, Ionji waited an entire year before seeking injunctive relief.**

Even if Ionji had established subject matter jurisdiction (which it has not), their Motion should still be summarily denied given the significant period of time that has elapsed between when Ionji became aware of Hanna and Catalyst's alleged conduct in September 2019, and when they made the present request for injunctive relief (one year later).

In order to obtain a preliminary injunction, a plaintiff must show, in addition to a likelihood of success on the merits, that it will be irreparably injured unless steps are taken to

preserve the status quo. *Ideal Indus. v. Gardner Bender, Inc.*, 612 F.2d 1018, 1025 (7th Cir. 1979). "Delay in pursuing a preliminary injunction may raise questions regarding the plaintiff's claim that he or she will face irreparable harm if a preliminary injunction is not entered. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 903 (7th Cir. 2001). Often, a defendant who has been "lulled into a false sense of security or had acted in reliance on the plaintiff's delay" will warrant a finding that a plaintiff's decision to delay in moving for a preliminary injunction is unacceptable. *See Ty, Inc. v. Jones Grp. Inc.,* 237 F.3d 891, 903 (7th Cir. 2001)

"Where injunctive relief is requested, actions speak louder than words, and motions speak loudest of all." *Aero Fulfillment Servs., Inc. v. Tartar*, 2007-Ohio-174, ¶ 33 (Ct. App.) citing *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1542 (2d Cir. 1992). Here, according to Ionji's own Verified Complaint, the purported violations of the Hanna Agreement began in late September 2019, over one year ago. Despite this, Ionji took no action to seek injunctive relief for an entire year, well after the purported conduct had occurred and only one day before the supposed restrictions against Catalyst were set to expire. There is no question that Ionji was aware of this conduct throughout this period, given the correspondence Ionji's counsel submitted to Ms. Hanna on October 16, 2019, attached to the Verified Complaint. (*See* Doc#1-3, Exhibit C to Complaint).

The Verified Complaint also alleges that Hanna and Catalyst have been providing consulting services to a client, L&L Contracting, over the last year, after L&L terminated its consulting services with Ionji in 2019. (*See* Doc#1, Verified Complaint, ¶ 39-43). Despite knowing that such consultation services were continuing with this client, Ionji sat on the information, allowed Hanna and Catalyst to provide the consulting services, and now want to enjoin them continuing to do so and make a living. To enjoin Hanna and Catalyst now, after such

a significant delay and after already purportedly providing such services, flies in the face of any claim that irreparable harm will occur if not immediately enjoined.

    **III.**    **Ionji's claims against Catalyst are already pending before an Indiana arbitrator, and at a minimum should be stayed under the *Colorado River* abstention doctrine.**

As to the request for injunctive relief against Catalyst, Ionji's Motion should also be denied given that the claims are already subject to an arbitration action which has been pending for over nine months in Indiana. Indeed, Catalyst initiated the arbitration claim against Ionji over ten months ago for its refusal to pay commissions owed to Catalyst under the parties' agreement. (*See* December 5, 2019 Final Demand for Arbitration, attached hereto as **Exhibit 1).** In response, Ionji filed counterclaims with respect to the exact same conduct it alleges here, including purported violations of Section 5:

> Ionji asserts that Claimant was the first to materially breach the Strategic Alliance Agreement (the "SAA") between the parties. Claimant's breaches include violations of the SAA's "Confidentiality" (Section 4), "Conflicts of Interest; Non-hire Provision" (Section 5), and "Exclusive Providers" (Section 6), among others. Further, Claimant breached its fiduciary duty and its duty of loyalty owed to Ionji by the nature of their joint venture. Since the breach of the SAA, Claimant has tortuously interfered with Ionji's business and contractual relationships, by encouraging and soliciting clients to sever their agreements or relationships with Ionji. Claimant, by and through its owner(s), agents and/or representatives, has (and continues to) wrongfully disparaged and defamed Ionji to third parties.

(*See* January 9, 2020 Ionji Answer and Counterclaim, attached hereto as **Exhibit 2**).

Now, over nine months later, Ionji seeks a preliminary injunction against Catalyst over the exact same purported violations of Section 5. This Court should not do so given that the claims are subject to arbitration, and that *Colorado River* warrants abstention until such claims are resolved.

First, considering Ionji's injunction claims will inevitably require this Court to weigh the same merits of the case that the arbitrator is poised to do in the coming months. If this Court

were to weigh in on the merits of the case now, it would risk a decision conflicting with the arbitrator's discretion, and the parties agreement that "any controversies arising out of the terms of this Agreement *or its interpretation* shall be settled in Zionsville, Indiana, located in Hamilton County, in accordance with the rules of the American Arbitration Association…" (*See* Doc#1-1, Strategic Alliance Agreement, ¶ 14).

Second (and perhaps more importantly), *Colorado River* abstention applies here such that this Court should stay any of the present proceedings in favor of the already pending arbitration action, in the interests of wise judicial administration. *Colorado River* abstention doctrine applies when a party seeks to stay a federal case in light of an action proceeding in another forum. *Hudson v. Deutsche Bank AG,* 2007 U.S. Dist. 23886 at *11 (N.D. Ill 2007) *citing Colorado River Water Conserv. Dist. v. US*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed.2d 483 (1976). Typically, the alternative forum is a state court, a forum to which federal courts owe "a special obligation of comity." *AAR Intl v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). But even where the alternative forum is not a state court, the same general principles apply. *Id.*

*Colorado River* abstention doctrine applies when the parties and issues in the separate proceeding parallel the federal action, and exceptional circumstances exist to stay the exercise of the court's jurisdiction in the interests of "wise judicial administration." *Colorado River,* 424 U.S. at 818; *See also Hudson*, 2007 U.S. Dist. 24886 at *12; *See also Clark v. Lacy,* 376 F.3d 682 (7th Cir. 2004)(citing non-exhaustive list of factors to consider in determining "exceptional circumstances"). Two proceedings are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir. 1979).

Here, the arbitration action—particularly Ionji's counterclaims—parallel the claims they assert against Catalyst—including the purported violations of Section 5 of the parties' agreement. Moreover, Catalyst's own claims in the arbitration—including Ionji's prior material breach of the contract, will serve at a minimum as a defense to enforcement of Section 5. In considering injunctive relief, this Court will be considering these same parallel issues and claims.

Exceptional circumstances also clearly exist. The arbitration action was filed first (nearly nine months ago), and is far more advanced in its proceedings with a calendar order set, discovery having been exchanged, and dispositive motion deadlines pending. To litigate the same issues in this forum at an injunction hearing would waste judicial resources, burden this Court with arguments which are pending in arbitration, and risk conflicting decisions between the arbitration and this Court. Moreover, Ionji's significant delay in requesting this injunction clearly lessens the risk that any irreparable harm would occur by waiting a few months longer for the arbitration to resolve.

The fact is, Ionji waited nearly a year after becoming aware of these purported violations, and for nine months after the arbitration had been filed, to take any action. Despite this delay, they ask this Court to now immediately issue a preliminary injunction against Catalyst, as the arbitration claims are coming toward review and decision. Wise judicial administration warrants that Ionji not be able to use such a tactic of switching forums, and instead await a decision from the arbitrator on the merits of their claims.

### IV.     Conclusion

Defendants Hanna and Catalyst respectfully request that Ionji's Motion for Preliminary Injunction be denied without hearing. However, in the event that this Court decides to schedule

this matter for hearing, Defendants each reserve the right to present additional arguments and evidence at the same, including any obtained in discovery.

                                                  Respectfully submitted,

                                                  /s/ Jeffrey M. Nye  
                                                  Jeffrey M. Nye (29800-15)  
                                                  Joshua M. Smith *pending Pro Hac Vice*  
                                                  STAGNARO, SABA  
                                                  & PATTERSON CO., L.P.A.  
                                                  2623 Erie Avenue  
                                                  Cincinnati, Ohio 45208  
                                                  (513) 533-6714  
                                                  (513) 533-2999 (fax)  
                                                  jmn@sspfirm.com  
                                                  jms@sspfirm.com  
                                                  **Attorney for Defendant**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing was served on all counsel of record via CM/ECF this 13th day of October 2020.

                                                  /s/ Jeffrey M. Nye  
                                                  Jeffrey M. Nye (29800-15)